UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

AUG 16 2005

CIVIL ACTION NO. 2005-12

RAY PAUL MARKSBERRY, JR.                                           PLAINTIFF

VS.                         OPINION AND ORDER

JO ANNE BARNHART
COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

This matter is before the court on plaintiff's motion for summary judgment (Doc. 8) and the cross motion of the defendant (Doc. 9). The issue in this matter is whether the Commissioner should have waived recovery of an overpayment of social security disability benefits received by the plaintiff.

The plaintiff filed an application for social security disability benefits on March 16, 1995 alleging that he was disabled due to a low back pain and spinal injury, severe cervical strain, myositis and fibromyalgia. At that time, claimant was 41 years old, had better than a high school education and had prior relevant work as an air traffic controller. (Transcript p. 32).

On December 23, 1996, the Commissioner found claimant disabled with an onset date of September 8, 1994. The ALJ noted, in her 1996 decision, that plaintiff may have developed severe mental problems, but because she found him disabled for other reasons, she did not consider whether the mental impairment

contributed to any work-related limitations. (Transcript p. 31).

In September 1999, Plaintiff started working as a management trainee at a McDonald's restaurant. Plaintiff testified that he reported his return to work to his state welfare caseworker and she told him she would notify the Social Security Administration. (Transcript p. 112). Claimant testified that he was still under a psychological impairment when he started back to work and he believed the caseworker had notified the Social Security Administration of his return to work. Claimant did not question the fact he was continuing to receive benefit checks, because he was told that as long as he did not earn in excess of $1,290 per month his work would not affect his benefits. (Transcript p. 112).

On March 30, 2001, the Administration discovered that the plaintiff had been overpaid $1,955.08 from October 1999 to January 2000. (Transcript p. 67). The claimant requested a waiver of the overpayment, but the Administration denied his request.

Plaintiff appealed the Administration's decision. The ALJ conducted a hearing wherein the plaintiff was not represented by counsel. The ALJ noted claimant's claim of mental impairment and gave him thirty (30) days to submit additional evidence to support his claim. Claimant did not submit any additional evidence. The ALJ concluded that the claimant failed to report his work earnings to the Commissioner in a timely manner and did not notify the Commissioner directly. Therefore, the ALJ found

that the claimant was not without fault with regard to the overpayment. Accordingly, the ALJ denied a waiver for the recovery of the overpayment.

The plaintiff appealed to the Appeals Council. The Appeals Council found claimant's appeal was untimely and denied review. Accordingly, the ALJ's decision was the final decision of the Commissioner in this case.

Under the Social Security Act, the Commissioner is authorized to recover overpaid benefits from the recipient. 42 U.S.C. § 404(a). The Act, however, also provides that there shall be no recovery of overpayments from any person who is without fault if such recovery would defeat the purpose of the Act and would be against equity or good conscience. 42 U.S.C. § 404(b). In determining whether anyone is without fault, the Commissioner shall specifically take into account any physical, mental, educational or linguistic limitations of the individual as well as his age and intelligence. Id.; 20 C.F.R. 416.552.

The threshold issue in determining if the plaintiff must repay the overpayment is whether he is without "fault". Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir. 1991). The court must determine whether the Commissioner's decision on the "fault" issue is supported by substantial evidence. Even if the court might arrive at a different conclusion, the decision of the Commissioner must be affirmed if supported by substantial evidence.

Title 20 C.F.R. § 416.552(a) aids the court in determining

what constitutes fault on the part of a recipient. The regulations state that a person is at fault if the overpayment resulted from: a) the recipient failing to provide information to the Commissioner that he knew or should have known was material; b) the recipient making an incorrect statement which he knew or should have known was incorrect; or c) the recipient accepting a benefit payment when he knew or should have known it was incorrect. Id.

Here, the ALJ concluded that the claimant was at fault because he did not give direct and timely notice to the Administration of his return to work. The claimant, however, timely notified his state caseworker and she told him she would notify the Administration for him. The ALJ found that claimant's testimony with regards to this exchange was credible. (Transcript p. 116). The court notes that the Commissioner routinely works with state agencies in benefit determinations. See 42 U.S.C. § 421; 20 C.F.R. § 416.903(a). The court finds that the claimant was not remiss in trusting that his state caseworker would notify the Administration of his return to work as she promised him she would.

The claimant also explained that he did not realize that he was receiving benefits in err because he had been told that as long as he made less than $1,290 per month, his benefits would not be affected. (Transcript p. 112-13). The ALJ did not state whether he believed this portion of claimant's testimony. The court finds that claimant's belief is a reasonable assumption

4

based on his testimony of what he was told. See Coulston v. Apfel, 224 F.3d 897, 900 (8th Cir. 2000) (claimant's subjective belief payment was for back medical payments and evidence of intellectual impairment sufficient to find claimant without fault).

For the above stated reasons, the court finds that considering the record as a whole, the Commissioner's finding that plaintiff was at fault is not supported by substantial evidence.

Having found plaintiff was without fault in failing to notify the Administration of his return to work, the second prong of the inquiry must be analyzed: whether recovery of the overpayment would defeat the purpose of the Act or be against equity and good conscience. The ALJ did not consider the second prong of the analysis except to say that the claimant now works for the Railroad Board as a freight conductor and, in 1992, earned approximately $26,000. Accordingly, the court must remand for the ALJ to make a determination as to whether recovery of the overpayment would defeat the purpose of the Act or be against equity and good conscience. See Setian v. Callahan, 973 F. Supp. 46, 51 (D. Mass. 1997) (must remand where court finds claimant without fault and ALJ did not consider second prong of analysis).

The court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 8) be, and it hereby is, **granted in part** as to plaintiff's request for a reversal of the Commissioner's

5

decision, and **denied in part** as to his request for a court ordered waiver of overpayment, and that the cross-motion for summary judgment of the defendant (Doc. 9) be, and it hereby is, **denied. IT IS FURTHER ORDERED** that this action be, and it is, hereby **remanded** to the Commissioner for further proceedings.

This 16th day of August ~~July~~, 2005.

*William O. Bertelsman*

**WILLIAM O. BERTELSMAN, JUDGE**

6